IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEOPOLDO GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ITT CORPORATON and | ) | **PLAINTIFF DEMANDS** |
| ITT BELL & GOSSETT | ) | **TRIAL BY JURY** |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff, LEOPOLDO GOMEZ, (hereinafter "Plaintiff" or "GOMEZ"), by his attorneys, KIMBERLY A. CARR and ERIN BUCK KAISER, of BEST, VANDERLAAN & HARRINGTON, in complaining of Defendants, ITT CORPORATION and ITT BELL & GOSSETT (hereinafter collectively referred to as "ITT"), states as follows:

## NATURE OF CLAIM

1. This is an action seeking redress for discrimination in violation of the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, the Employee Retirement Income Security Act, (hereinafter "ERISA"), and retaliatory discharge.

## JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C.§1331, 29 U.S.C. §1132, 42 U.S.C. §12201 *et. seq.,* 29 U.S.C. §621 *et. seq.*

3. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C §1391(b), as Plaintiff's causes of action arose herein.

## PARTIES

4. Plaintiff GOMEZ, is over the age of 40, and at all relevant times to this action, was and Wis currently a resident of Shorewood, Illinois.

5. GOMEZ was at all relevant times an employee of Defendants (ITT Corporation and ITT Bell & Gossett) and at all relevant times worked for the Defendants in the State of Illinois under their authority and control.

6. Defendant, ITT CORPORATION, is a company doing business in the State of Illinois, including northern Illinois, with its primary location at 1133 Westchester Avenue, White Plains, New York 10604.

7. Defendant, ITT BELL & GOSSETT, is a company doing business in the State of Illinois with its main location at 8200 N. Austin Avenue, Morton Grove, Illinois 60053.

## PROCEDURAL REQUIREMENTS

8. GOMEZ has fulfilled all conditions precedent to the institution of this action, under the ADA and the ADEA. He timely filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as Exhibit A.

## FACTUAL BACKGROUND

9. Plaintiff, who is over 40, was employed with Defendants beginning in October 1979. Defendants were qualified employers under the ADA and ADEA, and at all relevant times they employed in excess of twenty (20) employees.

10. At all times throughout the course of his employment, Plaintiff performed his job to the satisfaction of his employer and beyond.

11. Plaintiff was rendered disabled as defined within the Americans with Disabilities Act due to a significant loss of his hearing. At the time of his termination, Plaintiff had only 12% of normal hearing in one ear and 20% of normal hearing in the other ear. Plaintiff reads lips to communicate, and suffers from a speech impediment.

12. At all relevant times, herein, Defendants knew of Plaintiff's disability.

13. At the time of his termination, Plaintiff was sixty (60) years old.

14. Plaintiff was treated differently in the terms and conditions of his employment by Defendants compared to other similarly situated, non-disabled employees, and employees who were younger than him, because of his age and/or his disability, perceived disability or record of impairment, and because he exercised his rights afforded to him by the Americans with Disabilities Act.

15. In July 2009, Plaintiff was transferred from the second shift to the first shift. He was placed in the same position on the first shift that he held on the second shift for approximately seventeen (17) years. However, some of the job duties differed due to the hours worked: day shift versus third shift.

16. As part of his transfer, Plaintiff needed training on the phone and computer systems that were used on the first shift, but not on his prior shift. However, despite Plaintiff's requests, the person training Plaintiff would not speak slowly enough to allow Plaintiff to read his lips, nor would he look directly at Plaintiff so Plaintiff could read his lips.

17. Plaintiff requested accommodations from Defendants through their Human Resources Department to allow him to complete training and to use the phone system. However his requests were denied.

18. On or about August 3, 2009, with four days of training remaining, Plaintiff was terminated.

19. Plaintiff was terminated two months before his thirty year anniversary with Defendants. At his thirty year anniversary, Plaintiff would have been eligible for increased benefits, including an increase in his pension.

20. Defendants were required to engage in a conversation or process with Plaintiff to determine how they could accommodate his disability, but failed to do so.

21. Plaintiff could have easily performed his job to the expectations of his employer with a reasonable accommodation.

22. Instead, Defendants terminated Plaintiff on or about August 3, 2009, without justifiable cause, and the reasons provided were pretextual.

23. Plaintiff was terminated because of his age, and because Defendants perceived Plaintiff as being disabled, and/or because of his disability.

24. Similarly situated employees who were not in the protected age group, who wer not disabled and/or did not request a reasonable accommodation were treated more favorably in the terms and conditions of their employment, in that they were not subjected to similar adverse employment actions and retained their positions.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

25. Plaintiff repeats and reasserts the allegations of Paragraphs 1 through 24 as this paragraph 25 as if set forth fully herein.

26. At all times throughout the course of his employment, Plaintiff performed his job to the expectation of his employer and beyond.


27. At all relevant times, Plaintiff had and has a disability and a record of disability within the meaning of and defined under the Americans with Disabilities Act, and/or Defendants perceived him as disabled.

28. At all relevant times, Plaintiff could perform his job functions with reasonable accommodation from his employer.

29. Defendants subjected Plaintiff to differential treatment and adverse actions in the course of his employment, in violation of the ADA, 42 U.S.C. §12201 *et. seq.,* including but not limited to, differences in the terms and conditions of his employment, demotion, termination and failure to call Plaintiff back to work to his same or similar position. Any other reason given for said behavior is pretextual.

30. Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to his physical well being.

31. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to reduction in salary, loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation and other exemplary damages, attorneys fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff LEOPOLDO GOMEZ respectfully requests judgment against Defendants, ITT CORPORATION and ITT BELL & GOSSETT, in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights under the Americans with Disabilities Act of 1990 and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past

and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, as well as any other further relief as the Court deems just and appropriate.

## COUNT II
## FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT

32. Plaintiff repeats and reasserts Paragraphs 1 through 32 as this Paragraph 33 as though fully set forth herein.

33. Plaintiff has a protected right as a qualified individual with a disability for an equal opportunity to benefit from the full range of employment-related opportunities available to others.

34. The ADA requires employers to engage in a mutual exchange with individuals with disabilities to evaluate how their condition may be accommodated.

35. The ADA also requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities, unless it results in undue hardship.

36. Defendants would not have suffered any undue hardship in providing reasonable accommodations to Plaintiff for his disability.

37. Plaintiff attempted to exercise his rights under the ADA through requests for reasonable accommodations.

38. Defendants refused to grant Plaintiff reasonable accommodations for his disability, in violation of the ADA, and instead terminated his employment without justifiable

cause, and failed to engage in an interactive process with Plaintiff to determine how he could perform his duties.

39. The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

40. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits, past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, damage to reputation, attorneys' fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff LEOPOLDO GOMEZ respectfully requests judgment against Defendants, ITT CORPORATION AND ITT BELL & GOSSETT, in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act of 1990 and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and prejudgment interest, as well as any other further relief as the Court deems just and appropriate.

## COUNT III
## RETALIATION - THE AMERICANS WITH DISABILITIES ACT

41. Plaintiff repeats and reasserts Paragraphs 1 through 40 as this Paragraph 41 as though fully set forth herein.

42. Plaintiff has a federally protected right to equal treatment in the workplace.

43. Plaintiff attempted to exercise that right through complaints to Defendants through their supervisors and Human Resources professionals, regarding the repeated differential treatment of Plaintiff due to Plaintiff's disability, as well as Defendants' failure to accommodate his disability, which resulted in total inaction and disregard for Plaintiff's situation.

44. Plaintiff was subjected to further adverse employment actions, including termination and failure to rehire in an appropriate position, in retaliation for the complaints he made concerning Defendants' unlawful conduct under the ADA.

45. In taking the above adverse job actions against Plaintiff, Defendants acted in retaliation against Plaintiff for his disability, and his request for reasonable accommodation(s) for the same in violation of Section 503(b) of the ADA.

46. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of career opportunities, loss of future earnings, lost benefits past and future, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; physical harm, damage to reputation, attorneys' fees, costs and other damages allowed under the ADA.

47. Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to his physical well being.

WHEREFORE, Plaintiff, LEOPOLDO GOMEZ, respectfully requests judgment against Defendants, ITT CORPORATION and ITT BELL & GOSSETT, in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights under the ADA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

## COUNT IV
## AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

48. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 47 as this paragraph 48 as though fully set forth herein.

49. Plaintiff has a federally protected right to equal treatment in the workplace.

50. At the time Plaintiff was terminated from his position with Defendants, Plaintiff was sixty (60) years old. Upon information and belief, Plaintiff was replaced by a lesser qualified, younger employee.

51. Defendants' adverse treatment of Plaintiff was because of his age and any proffered reason to the contrary by Defendants is pretext for unlawful discrimination.

52. The reasons given for Defendants' adverse actions are a pretext for age discrimination. The reason Plaintiff was discharged was due to his age.

53. By the above actions, but not limited to the same, Defendants discriminated against GOMEZ in the terms, conditions and privileges of employment because of his age, in

9

violation of the ADEA, and treated younger employees more favorably. Any alleged reasons given to the contrary are pretextual**.**

54. By the above actions, but not limited to the same, Defendants took adverse employment actions against Plaintiff, which seriously affected his physical and psychological well-being, and caused him to suffer significant damages.

55. Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

56. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, attorneys' fees, costs and other damages allowable under the ADEA.

57. The above-mentioned acts of Defendants, individually and through its agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary or liquidated damages. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, LEOPOLDO GOMEZ, respectfully requests judgment against Defendants, ITT CORPORATION and ITT BELL & GOSSETT, in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights under the Age Discrimination in Employment Act, and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, damage to reputation, reasonable attorneys' fees, liquidated damages and

prejudgment interest, as well as any other further relief allowable under the ADEA, as the Court deems just and appropriate.

## COUNT V
### EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")
### 29 U.S.C. §1132

58. Plaintiff repeats and reasserts Paragraphs 1 through 57 as this Paragraph 58 as though fully set forth herein.

59. At all relevant times herein, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendants.

60. Plaintiff was terminated on or about August 3, 2009, in order to deprive him of continued participation and/or additional benefits under Defendants' funded employee welfare and benefit program.

61. Defendants' motivation and intent for terminating the Plaintiff was discriminatory and in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et. seq.* Defendants offer no legitimate reason for such differential treatment or for the denial of Plaintiff's participation in said employee benefit program; any proffered reason is pretext for Defendants' illegal motivation.

62. Defendants' actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to the Plaintiff's physical well being.

63. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of benefits, past and future, and other incidentals and benefits of employment, additional medical expenses, attorneys' fees, costs and other damages allowable under ERISA.

WHEREFORE, Plaintiff, LEOPOLDO GOMEZ, respectfully requests judgment against Defendants, ITT CORPORATION and ITT BELL & GOSSETT, in an amount that will fully compensate him for his injuries and damages for Defendants' violation of Plaintiff's rights under ERISA and award Plaintiff damages for loss of benefits, past and future, and other incidentals and benefits of employment, medical expenses incurred, attorneys' fees, costs and other damages allowable under ERISA, as well as any other further relief as the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

    Respectfully Submitted,
    **LEOPOLDO GOMEZ**

    */s/ Kimberly A. Carr*
    One of His Attorneys

Kimberly A. Carr
Erin Buck Kaiser
**BEST, VANDERLAAN & HARRINGTON**
2100 Manchester Road, Suite 1420
Wheaton, Illinois 60187
(630) 752-8000
(630) 752-8763 (facsimile)
kcarr@bestfirm.com
ekaiser@bestfirm.com